IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARITY F. WITT,

       Plaintiff,

  vs.

                                        Civil Action 2:11-CV-347
                                        Judge Smith
                                        Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**OPINION AND ORDER**

Plaintiff seeks this Court's review of the administrative decision denying her application for disability insurance benefits. On July 5, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 22. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 23. This Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge gave "little weight" to the opinions of disability articulated by plaintiff's treating psychiatrist, Wheaton Wood, M.D. Instead, the administrative law judge gave "significant weight" to the opinions of the state agency psychologists and the consultative psychological examiner to find that plaintiff has the mental residual functional capacity to perform low stress work defined as non-fast paced, simple, repetitive, non-public tasks with little social interaction. In her *Statement of Errors*, plaintiff challenged those findings and she now

objects to the Magistrate Judge's rejection of that challenge.

The administrative law judge found that plaintiff suffers the severe mental impairments of affective disorder, borderline intellectual functioning and personality disorder.[1] A consulting psychologist, Charles W. Loomis, diagnosed an oppositional defiant disorder and borderline intellectual functioning and assigned a Global Assessment of Functioning of 60 (moderate symptomotology). Doc. No. 12, *PAGEID##* 328-29. A state agency psychologist opined that, notwithstanding plaintiff's severe impairments, plaintiff could engage in work-related activities. *PAGEID#* 346. Treating therapists at Six County, Inc., assigned Global Assessment of Functioning scores of 65 (mild symptomotology) on two different occasions. *PAGEID##* 321, 350. The records of non-mental health providers include such observations as normal affect, "cheerful" demeanor and calm mood. *PAGEID##* 380, 411, 436.

Plaintiff points to Dr. Wood's report and assessments of February 13, 2009. *PAGEID##* 422-25, 432-33. It was on that date that plaintiff demonstrated explosive anger, with tears and cursing, toward Dr. Wood's staff. Based on that episode, Dr. Wood characterized plaintiff's prognosis as poor and her ability to engage in work-related activities as markedly or extremely impaired. *Id*. The administrative law judge accorded little weight to these opinions:

> These opinions are not supported by the evidence of record and appear to be inconsistent with and unsupported by other evidence in the record. For example, Dr. Wood opined that the claimant is markedly socially impaired, but the claimant is described elsewhere in the record as being pleasant, cheerful, having a normal mood and attitude and calm, to name a few. Dr. Wood's opinions appear to be based primarily on the claimant's subjective complaints. Additionally, with the exception of one note about the claimant exhibiting inappropriate behavior, there is no indication in the record that the claimant was not cooperative or socially appropriate with her treating sources.

---

[1] The administrative law judge also found that plaintiff suffers severe physical impairments. However, plaintiff's challenges to the Commissioner's decision addresses only the evaluation of plaintiff's mental impairments.

*PAGEID#* 68.[2]  As the Magistrate Judge concluded, in evaluating Dr. Wood's opinions, the administrative law judge correctly set forth the standards applicable to the evaluation of a treating physician's opinions.  *See, e.g., Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), citing 20 C.F.R. § 404.1527(d)(2)(ALJ must give controlling weight to a treating source if that opinion is well-supported by medically acceptable data and is not inconsistent with other substantial evidence in the record). The administrative law judge applied that standard and, moreover, articulated good reasons for the "little weight" assigned to Dr. Wood's opinions.  *See Blakley v. Astrue,* 581 F.3d 399, 406 (6th Cir. 2009)(ALJ must give good reasons for rejecting a treating physician's opinion).

In her objections, plaintiff argues that "mental disorders can vary over time . . ." and that it is a "violation of regulation [sic], when assessing the severity of a mental health impairment, to cite sporadic occasions of normal behavior to attempt to prove that clinical signs do not exist." *Objection*, p. 4.  Ironically, plaintiff would have this Court adopt Dr. Wood's February 13, 2009 opinions and assessment, which were themselves based on plaintiff's behavior on that date, and disregard the substantial contrary evidence elsewhere in the record.  The Commissioner declined to do so and, because the decision of the Commissioner was based on substantial evidence, this Court is without authority to do so.


Plaintiff's *Objection*, Doc. No. 23, is **DENIED**.  The *Report and Recommendation*, Doc. No. 22, is **ADOPTED AND AFFIRMED**.  The decision of the Commissioner of Social Security is **AFFIRMED**.  This action is hereby **DISMISSED**.


The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

---

[2]The administrative law judge also found that plaintiff's subjective complaints were not fully credible. *PAGEID#* 69.

*s/George C. Smith*
George C. Smith, Judge
United States District Court